IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES ENGELBECHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-800 |
| | § | |
| DAIMLERCHRYSLER CORP., et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER OF REMAND

This action comes before the Court on removal from the 23rd Judicial District of Brazoria County, Texas.  Now before the Court is Plaintiff's Motion to Remand.  For the reasons stated below, Plaintiff's Motions is **GRANTED**, and this case is **REMANDED** to the 23rd Judicial District of Brazoria County, Texas.[1]

**I. Background**

On November 2, 2006, Plaintiff sued Defendants DaimlerChrysler Corporation, Archer Chrysler Plymouth, Inc., and Archer Chrysler-Jeep (West), Inc. for negligence, gross negligence, product liability, misrepresentation, and breach of warranty after his wife, Jessica, was killed when the airbags in her car failed to deploy after a head-on collision.  DaimlerChrysler, Corp. ("DaimlerChrysler"), the manufacturer of Jessica's Chrysler Town & Country, is an out-of-state Defendant.  Plaintiff and the Archer entities (collectively "Archer") are Texas residents.  DaimlerChrysler removed the case to this Court pursuant to the Court's diversity jurisdiction alleging that Archer had been

---

[1] The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize such publication.

fraudulently joined.  Plaintiff now moves to remand, arguing that Archer is a proper Party in this case.

## II.  Legal Standard

Absent an express provision to the contrary, a defendant can remove a state-court action to federal court only if the suit could have been filed originally in the federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  Because Plaintiff's claims arise under Texas law, there is no federal question, and diversity is the only possibility for federal jurisdiction.  The federal diversity statute provides the federal district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states.  *See* 28 U.S.C. § 1332(a).  The jurisdictional statute has long been interpreted to mandate a rule of "complete diversity," meaning that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996) (citing *Strawbridge v. Curtis*, 7 U.S. (2 Cranch) 267, 2 L. Ed. 435 (1806)).  Generally, the plaintiff's complaint must allege facts showing that complete diversity exists.  *See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

The district court may discount non-diverse defendants if the removing party can show that the plaintiff fraudulently joined these defendants.  In order to prove fraudulent joinder, "'[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional

facts'. . . . 'If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) and *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2001)). "The removing party carries a heavy burden when attempting to prove fraudulent joinder." *Id.* (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).

Since DaimlerChrsyler has not alleged fraud, the operative inquiry is whether there is any reasonable possibility that Plaintiff will be able to establish a cause of action against Archer in state court. All issues of fact and of uncertain state law are resolved in favor of Plaintiff. *See Cavallini*, 44 F.3d at 259 (citing *Green*, 707 F.2d at 205). The Court may consider evidence similar to that used for summary judgment analysis in evaluation of the claims against non-diverse defendants. *See id.* at 263. However, the Court will not consider "whether the plaintiff will actually or even probably prevail on the merits of the claims," but only the "possibility that the plaintiff might do so." *Burden v. Gen.l Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). If the district court determines that the plaintiff did not fraudulently join the non-diverse defendants, it must remand the case for lack of subject matter jurisdiction.

## III. Analysis

Plaintiff alleges that Archer sold the Town & Country in question, failed to give adequate warning of dangers that it knew or should have known about, and misrepresented the safety of the vehicle. DaimlerChrysler argues that Texas Civil

Practices and Remedies Code § 82.003 bars recovery against Archer.  In relevant part, §

82.003 states:

> (a) A seller that did not manufacture a product is not liable for harm
> caused to the claimant by that product unless the claimant proves:
> . . .
> (6) that:
> (A) the seller actually knew of a defect to the product at the time
> the seller supplied the product; and
> (B) the claimant's harm resulted from the defect.

Section 82.003 essentially protects a non-manufacturing seller from product liability

actions unless its conduct falls into one of the enumerated exceptions to the presumption

of no liability.  DaimlerChrysler argues that Archer is a non-manufacturing seller and is

insulated from liability by §82.003(a).  DaimlerChrysler further alleges that Plaintiff

cannot prove that Archer has exhibited any conduct which falls into any of the

enumerated exceptions.  The Court respectfully disagrees.

At this stage in the proceedings, the Court need only determine whether there is a

possibility that Plaintiff may prevail against Archer.  Plaintiff need not present all of his

proof.  In this case, Plaintiff has presented more than enough to prevent DaimlerChrysler

from meeting its very high burden.  Specifically, Plaintiff's Original Petition states that

> "Defendants represented that the product was especially safe to operate
> with its airbag systems and that consumers, including Jessica Engelbrecht,
> would be safe in the event of a collision because of the crashworthiness of
> the DaimlerChrysler vehicle and the advanced restraint systems housed by
> the vehicle.  Decedent relied on the representations of safety by
> Defendants when choosing to operate the DaimlerChrysler vehicle."

Original Pet. at 9-10.  Plaintiff also argues that Archer knew, or should have known,

about the defect in the airbag at the time it made these representations because of an

ongoing governmental inquiry into the safety of the airbags in the DaimlerChrysler vans.

If Plaintiff can ultimately prove that Archer knew about the defect at the time the vehicle

was purchased, he can recover against Archer under the exception in § 82.003(a)(6).  *See* Pl.'s Supplemental Br. in Supp. of Mot. to Remand at 6.  This possibility is enough to defeat DaimlerChrysler's removal.

**IV.  Conclusion**

Since there is a possibility that Plaintiff can prevail against Archer, it has not been fraudulently joined.  Accordingly, there is not complete diversity, and this Court has no jurisdiction.  Therefore, this case is **REMANDED** to the 23rd Judicial District of Brazoria County, Texas. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 2nd day of April, 2007 at Galveston, Texas.

Samuel B. Kent
United States District Judge